1. This appeal to re-appraisement involves fifteen (15) bales of nylon waste synthetic fibre type 3 A of a net quantity of 5094.5 pounds, imported from Canada at the Port of Alexandria Bay, New York, on November 18th, 1949 by the plaintiff for the account of Hartford Spinning, Inc., of Unionville, Connecticut.

2. As to the merchandise herein, there is no foreign value thereof, as defined in Section 402 (a) and (c) of the Tariff Act of 1930.

3. As to the merchandise involved herein, there existed an export value of sixty (.60) cents per pound, United States funds net packed, which was the market value or the price, at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Canada, the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, plus when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

4. The instant appealed to re-appraisement shall be submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was United States dollars 0.60 per pound, net packed.

Judgment will be rendered accordingly.

(Reap. Dec. 8141)

E. DILLINGHAM, INC. v. UNITED STATES

Entry No. 0–599.

(Decided July 24, 1952)

*Eric C. Gordon* for the plaintiff.
*Charles J. Wagner*, Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED as follows, between the Counsel for the plaintiff and the Assistant Attorney General for the United States, concerning the merchandise referred to herein:

1. This appeal to re-appraisement involves seventeen (17) bales of nylon waste synthetic fibre type 3A of a net quantity of 4894.2 pounds, imported from Canada at the port of Alexandria Bay, New York, on November 25th, 1949 by the plaintiff for the account of Hartford Spinning, Inc., of Unionville, Connecticut.

2. As to the merchandise herein, there is no foreign value thereof, as defined in Section 402 (a) and (c) of the Tariff Act of 1930.

3. As to the merchandise involved herein, there existed an export value of sixty (.60) cents per pound, United States funds net packed, which was the market value or the price, at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Canada, the country from which exported, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, plus when not included in such price, the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

4. The instant appealed to re-appraisement shall be submitted on this stipulation.

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such value was United States dollars 0.60 per pound, net packed.

Judgment will be rendered accordingly.

(Reap. Dec. 8142)

BARNETT INTERNAT'L FWDERS., INC. *v.* UNITED STATES

Entry No. Int'l. AD 961474.

(Decided July 24, 1952)

*Siegel, Mandell & Davidson (Joshua M. Davidson* of counsel) for the plaintiff.
*Charles J. Wagner,* Acting Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff in the above described case and the Assistant Attorney General for the United States, defendant, subject to the approval of the Court, that one of the pieces included in the item described in red ink on the invoice accompanying the entry covered by the reappraisement number noted above as "16 pcs Item B 398 D. M. each less 33⅓% disct, net pk'd," is in fact one Ikonta camera valued at 235 Deutsche Marks each, less 33⅓% discount, net packed and should have been included in item "D" as shown in red ink on said invoice at 235 D. M. each less 33⅓% discount, net pkd.

IT IS FURTHER STIPULATED AND AGREED that the foreign value as defined in Section 402–(c) of the Tariff Act of 1930 is the proper basis for value of this one Ikonta camera and that such value is 235 Deutsche Mark less 33⅓% discount, net packed and that there is and was no higher export value.